UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| DAVID BOYD, a/k/a DAVID E. BOYD, JR., #305579 | CIVIL ACTION NO. 2:12-cv-2664 |
| | SECTION P |
| VERSUS | |
| | JUDGE MINALDI |
| ROBERT HENDERSON, ET AL | MAGISTRATE KAY |

<u>REPORT AND RECOMMENDATION</u>

*Pro se* plaintiff David Boyd, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on October 3, 2012.  Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC).  At the time of filing this complaint plaintiff was incarcerated at C. Paul Phelps Correctional Center (CPP), DeQuincy, Louisiana, and he complains of events that occurred at that facility.  He is currently incarcerated at the Louisiana State Penitentiary, Angola, Louisiana.  Plaintiff names CPP Warden Robert Henderson and CPP Sgt. Foreman as defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.  For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE.**

*Statement of the Case*

Plaintiff gives a concise recitation of the facts of his claim.  He states that on June 1, 2011, he was working outside and was told to get a bucket of water.  He did so but stopped to

talk to another inmate.  At that point, plaintiff claims that Sgt. Foreman told him to get back to work or he would run over plaintiff with a four-wheeler.  Plaintiff responded to Sgt. Foreman by stating that Foreman would be fired if he hit plaintiff.  Foreman then started the four-wheeler and drove quickly towards plaintiff.  Foreman attempted to stop the four-wheeler about two feet from plaintiff but he could not.  Plaintiff states that the four-wheeler struck him in his right leg and right lower back, causing him to fall on the ground.  In an attempt to break the fall, plaintiff aggravated an existing injury on the middle finger of his right hand.

Plaintiff claims that he could hardly get out of bed or walk on the day after the incident due to pain in his leg and lower back.  Nevertheless, he made it to a lieutenant's station where he requested an emergency sick call.  He was brought to the health unit but states that he was released without pain medication or x-rays.  His request to go to an outside hospital was denied.

As a result of the above, plaintiff claims that he is in constant pain.  As relief, plaintiff seeks $175,000.00 in compensatory and punitive damages.

### *Law and Analysis*

1. **Frivolity Review**

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted.  See, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A complaint is frivolous if it lacks an arguable basis in law or fact.  *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997).  A complaint fails to state a claim upon which relief may be granted if it is clear the

plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998).  When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true.  *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

2. **42 U.S.C. §1983**

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States.  42 U.S.C. §1983.  Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated.  If no constitutional violation has been alleged, there is no cognizable claim under §1983.  In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor.  See *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

The court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose.  Accepting all of plaintiff's allegations as true and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed with prejudice.

3.   **Statute of Limitations**

District courts are authorized to dismiss a complaint as frivolous when "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations."  *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir.1994).  A district court may raise the limitation period sua sponte.  *See Harris v. Hegmann*, 198 F.3d 153 (5th Cir.1999).

Since there is no federal statute of limitations, the applicable statute of limitations in a § 1983 action is the forum state's personal injury limitations period.  *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir.1998).  In Louisiana, the limitations period is one year.  *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir.1989).  While the period of limitations is provided by state law, federal law governs the determination of when a § 1983 action accrues.  *Jacobsen*, 133 F.3d at 319.  Under federal law, a § 1983 action accrues when plaintiff "...becomes aware that he has suffered an injury or has sufficient information to know that he has been injured."  *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir.1987).

In this case, absent interruption or tolling of the period of limitations, which does not appear applicable in this matter, plaintiff's cause of action with respect to his specific claim accrued when the incident in question occurred on June 1, 2011.  Plaintiff sought medical treatment the day after the incident as he was experiencing pain.  He also filed a grievance a few days after the incident.  Even a liberal construction of plaintiff's claim cannot support a finding that he became aware of his injury on a date later than when the incident occurred.

Plaintiff filed this suit on October 3, 2012, a year and several months after the incident.  Thus, plaintiff's civil rights claims based upon the events which occurred in June 2011, are untimely and are barred by the statute of limitations.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as barred by the statute of limitations, rendering same frivolous as a matter of law in accordance with the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996) *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

THUS DONE AND SIGNED in Chambers this 15th day of August, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE